IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONG ZHANG,<br><br>        *Plaintiff*,<br><br>v.<br><br>UAB EKOMLITA,<br><br>        *Defendant*. | Civil Action No. 1:23-cv-03178<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Long Zhang ("Plaintiff" or "Zhang") brings this copyright infringement action against Defendant UAB Ekomlita ("Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat online infringers who reproduce and distribute copies of Plaintiff's copyrighted works to the public by sale and/or prepare derivate works based upon Plaintiff's copyrighted works.

2. The copyrighted works at issue include U.S. Copyright No. VA 2-341-833 (the "Copyrights"), which includes a group of photos regarding Plaintiff's chef knife products. The Copyrights are valid, subsisting, and in full force and effect. True and correct copies of the Certificates of Registration of the Copyrights are attached hereto as Exhibit 1.

## PARTIES

3. Plaintiff is a private citizen and resident of the People's Republic of China. Plaintiff is the owner of the Copyrights.

4. Defendant is a foreign limited liability company incorporated under the laws of Lithuania with a registered office address at K. Donelaicio 60, LT-44248, Kaunas, Lithuania.

1

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331as this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6. This Court may properly exercise personal jurisdiction over Defendant since Defendant targets business activities toward consumers in Illinois through at least the fully interactive and e-commerce website www.huusk.com; https://get-huusk.com/; https://buyhuusk.com/; and https://huusk-original.com/ ("Defendant's Websites"). Specifically, Defendant is reaching out to conduct business with Illinois residents by operating Defendant's Websites through which Illinois residents can and do purchase goods marketed by using Plaintiff's Copyrights. Defendant has targeted sales to Illinois residents by operating Defendant's Websites, which offers shipping to consumers in Illinois, accepts payment in U.S. dollars, and, on information and belief, has sold goods marketed by using Plaintiff's Copyrights to consumers in Illinois. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendant is a foreign entity residing in Lithuania.

## BACKGROUND

8. Zhang is the rightful owner of the registered copyright that are connected with its chef knife products: Registration No. VA 2-341-833, titled "Hand Forged Chef Knife," registered on April 13, 2023, as a group of works include eight photos regarding Plaintiff's chef knife products.

9. Zhang has sold and continues to sell its chef knife products through its online stores and websites, including, among others, the Amazon.com platform.

10. To promote its chef knife products, Zhang uses and displays its Copyrights on its websites and internet storefronts.

11. The uniqueness of Zhang's Copyrights attracts countless customers to its chef knife products. The customers connect Zhang's Copyrights directly to Zhang's high quality chef knife products, and *vice versa*.

12. On information and belief, Defendant owns, controls and/or operates Defendant's Websites www.huusk.com; https://get-huusk.com; https://buyhuusk.com/; and https://huusk-original.com/. Screenshots of Defendant's Websites are attached as Exhibit 2.

13. Through Defendants' Websites, Defendant has sold and continues to sell chef knives that mimic Zhang's chef knife products.

14. To market its knockoff chef knife products, Defendant substantially copied Zhang's Copyrights and displayed them on Defendant's Websites. Some exemplary instances are shown below:

| Defendant's Website | Defendant's Website Screenshot[1] | Plaintiff's Copyrighted Artwork[2] |
|---|---|---|
| www.huusk.com | | |

---

[1] See the full screenshots as Exhibit 2.
[2] See the full Plaintiff's Copyrights as Exhibit 1.



15. Because of Defendant's infringing conducts – namely substantially copying Zhang's Copyrights and displaying them on Defendant's Websites together with its knockoff chef knife products – customers who tried to buy Zhang's authentic chef knife products mistakenly bought Defendant's knockoff chef knife products.

16. As such, Defendant has unlawfully reproduced, distributed, and prepared works directly copied from Zhang's Copyrights without Zhang's authorization or consent.

17. Defendants have improperly copied and exploited the Copyrights willfully, and in disregard of, and with indifference to, Zhang's intellectual property rights. Defendants engaged in this intentional and infringing conduct to reap the creative, artistic, and aesthetic benefit and value associated with the Copyrights. By failing to obtain Zhang's authorization to reproduce and

distribute the Copyrights or to compensate Zhang for the use, Defendants have avoided paying license fees and other financial costs associated with obtaining permission to exploit the Copyrights, as well as the restrictions that Zhang is entitled to and would place on any such exploitation as conditions for Zhang's permission, including the right to deny permission altogether. In addition, Zhang's business reputation and good will have been and will be significantly injured. Zhang has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of knock-offs that have flooded the U.S. market.

### CLAIM ONE - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

18. Zhang hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

19. Zhang owns all exclusive rights in the Copyrights as provided by 17 U.S.C. §§ 106 through 122, including without limitation the rights to reproduce the Copyrights in copies, to prepare derivative works based upon the Copyrights, and to distribute copies of the Copyrights to the public by sale or other transfer of ownership, or by rental, lease, or lending.

20. Defendant has violated these exclusive rights by reproducing and distributing copies of the Copyrights to the public by substantially copying and displaying the Copyrights and/or displaying derivate works based upon the Copyrights.

21. Defendant's exploitation of the Copyrights via the Defendant's Websites constitutes infringement of the Copyrights.

22. On information and belief, Defendant's infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Copyrights. Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Zhang made and distributed in the United States, including this District, caused to be made and distributed in the United States,

including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant's Websites. Defendant continues to infringe upon Plaintiff's Copyrights.

23. As a direct and proximate result of their wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Zhang. Accordingly, Plaintiff seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

24. In the alternative, Zhang is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c)(1), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

25. Moreover, Zhang is entitled to injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendant of its infringing work and for an order under 17 U.S.C. § 503 that Defendant's Websites shall all be permanently closed.

26. Zhang seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

27. Zhang has no adequate remedy at law, and, if Defendant's actions are not enjoined, Zhang will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Copyrights.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Zhang respectfully demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Zhang prays for a judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily and/or permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Copyrights;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Copyrights; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2) Entry of an Order that, upon Zhang's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendant, currently or in the future, to engage in infringing Plaintiff's Copyrights; and

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with Defendant's infringing Plaintiff's Copyrights;

3) Defendant's Websites to be permanently closed;

4) That Zhang be awarded such actual damages as it shall prove at trial against Defendant that are adequate to compensate Zhang for infringement of the Copyrights, and all of the profits realized

by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of the Copyrights;

5) In the alternative, that Zhang be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the Copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement;

6) That Zhang be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

DATED: May 19, 2023                                          Respectfully submitted,


By: */s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

Of Counsel:
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin
New York Bar No. 5871959
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*